RENDERED: MARCH 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1461-MR

COMMONWEALTH OF KENTUCKY,                                APPELLANT
TRANSPORTATION CABINET,
DEPARTMENT OF HIGHWAYS


|  |  |
|---|---|
| v. | APPEAL FROM FLOYD CIRCUIT COURT<br>HONORABLE THOMAS M. SMITH, JUDGE<br>ACTION NO. 13-CI-00788 |


LEAH ATKINSON; ALICE TURNER;                              APPELLEES
ALLEN BARRE A/K/A ALLEN M.
BARR; ALLEN VAN TURNER;
ANITA GIBSON; ANTHONY
GIBSON; ARNOLD BRENT TURNER;
ARNOLD TURNER, JR.; BRENDA
COOK; CASSIE FRIEND; CHAD
DUNLAPP; CHERYL MARTIN;
CLAUDE MCKENZIE, JR.; DAVID
BRIAN GIBSON; DAVID GIBSON;
DAVID RICH; DEMORIS MARTIN;
DONNIE RAY MARTIN; DOUG
TURNER; EDWARD BILLIPS;
ELHANAN PETE GRIGSBY III;
ELIZABETH LYNNE BARRE A/K/A
ELIZABETH LYNN BARR;
ELIZABETH TURNER; EUGENE
TURNER; FLOYD COUNTY
RESOURCES, INC.; FRED B.
ANDERSON; GERI E. GRIGSBY;

HENRY WRIGHT; JAMES E.
WALTER; JAMES R. TURNER;
JENNIFER MARTIN; JEWELL
TURNER; JOAN CHAFFINS; JOE
TURNER; JOSEPH R. TURNER;
JOYCE TURNER HOWELL; JULIUS
MARTIN; KAREN GESWEIN (A/K/A
KAREN M. LOVE); KARENLYNN
TURNER; KENNETH HENRY; LEE
MAJAKEY; LISA RENEE CHAFFINS;
LORA CHAFFINS (LONG); LOUISE
MARIE WALTER; MACHELE
GRIGSBY; MARGARITE MARTIN;
MARTHA JUNE MCKENZIE; MARY
ROSE MARTIN; MAYTIFERN
WRIGHT; MELINDA GAYE
MAJAKEY; NORA LOU RICH;
NORMA TURNER; PETE GRIGSBY,
II; PRISCILLA HENRY; RALPH
TURNER; RICK JONES; ROSE MARY
RICE; SAM MARTIN, III; SANDRA
SUE SLONE MARTIN; SAS
RESOURCES, INC.; SKYE
GOODMAN CRAMER A/K/A SKYE
WEBER; TED TURNER; TERESA
BILLIPS; TERESA MARTIN; TERRY
TURNER; TIM MARTIN; TIMMY
MARTIN; TIMOTHY K. STEPHENS;
TODD DUNLAPP; UNKNOWN
RESPONDENTS, BEING THE
UNKNOWN OWNERS, IF ANY,
HEIRS AT LAW, GRANTEES,
DEVISEES, SECCESSORS, AND/OR
ASSIGNS, IF ANY; BEING ANY AND
ALL UNKNOWN PERSONS,
SPOUSES AND/OR ENTITIES IF
ANY, ENTITLED TO AND/OR
CLAIMING AN INTEREST IN
AND/OR TITLE TO; VIOLET
ELIZABETH ROWE; WALLACE G.

COOK; PEGGY DAVIS; AND WILMA
FAYE MARTIN

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  CALDWELL, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  The Commonwealth of Kentucky, Transportation Cabinet,

Department of Highways (Transportation Cabinet) brings this appeal from a July

28, 2021, Trial Order and Judgment and a November 4, 2021, Amended Judgment

of the Floyd Circuit Court in an eminent domain proceeding.  We affirm.

On September 9, 2013, the Transportation Cabinet filed a petition[1] in

the Floyd Circuit Court to condemn sub-surface mineral interests owned by

appellees in approximately thirty acres of real property (condemned real property).

The condemned real property contained primarily coal.  The property was needed

to complete a road connector in Floyd County.

Pursuant to Kentucky Revised Statutes (KRS) 416.580, the circuit

court appointed three commissioners to determine the fair market value of the

condemned real property.  The commissioners' reports fixed the fair market value

of the condemned real property (excluding oil and gas) before the taking at $500

---

[1] An amended petition was filed on September 28, 2015.

-3-

and the fair market value of the condemned real property (excluding oil and gas) after the taking at $500.[2] So, effectively, the commissioners did not believe that the condemned real property's fair market value was affected by the taking. Numerous appellees filed exceptions and argued that the commissioners failed to properly appraise the fair market value of the condemned real property, thus denying them just compensation.

The circuit court subsequently rendered an Interlocutory Order and Judgment.[3] Therein, the circuit court ordered that the Transportation Cabinet had a right to take through eminent domain the condemned real property owned by appellees. The amount of compensation due to appellees for the taking of said property was reserved for a jury trial. KRS 416.620.

Prior to the jury trial on the issue of just compensation, the Transportation Cabinet filed a motion to exclude certain testimony from appellees' expert witness, Samuel Johnson. Relying upon *Gulf Interstate Gas Company v. Garvin*, 303 S.W.2d 260 (Ky. 1957) and *Gulf Interstate Gas Company v. Garvin*, 368 S.W.2d 309 (Ky. 1963), the Transportation Cabinet argued that Johnson's valuation of the condemned real property improperly included prospective royalty

---

[2] The commissioners' original report, filed on November 5, 2013, contained a clerical error. An amended report was filed on November 21, 2013.

[3] The Interlocutory Order and Judgment condemning the subject mineral property interest was entered on March 25, 2014.

income and must be excluded. In response, appellees argued that Johnson, a mining engineer, utilized an income approach to value the condemned real property, which included as a factor prospective royalty income that would be derived from the mining of the coal therefrom. Appellees maintained that such a valuation method was permitted in *Big Rivers Electric Corporation v. Barnes*, 147 S.W.3d 753 (Ky. App. 2004). The circuit court denied the Transportation Cabinet's motion to exclude Johnson's appraisal opinion.

A jury trial was held on July 6, 2021, and July 7, 2021. The Cabinet called as an expert, Dixon Nunnery, who testified that his appraisal of the fair market value of the condemned real property before the taking as $380,600 and after the taking as $235,000, by using the sales comparison method. Nunnery opined that the taking by the Transportation Cabinet resulted in a $145,600 loss to the owners of the property. Appellees presented the testimony of Johnson. According to Johnson, the fair market value of the condemned real property was $2,428,000 before the taking, and after the taking, it had no value. Based on Johnson's testimony, appellees suffered a $2,428,000 loss. The jury found that the fair market value of the condemned real property before the taking was $1,083,000 and the fair market value after the taking was $533,000, resulting in a loss of $550,000 in fair market value. By trial order and judgment and amended

judgment, the circuit court awarded appellees $550,000 as just compensation for the taking of the condemned real property. This appeal follows.

On appeal, the Transportation Cabinet contends the circuit court erroneously admitted the testimony of appellees' expert, Johnson, as to his valuation of the condemned real property. The Transportation Cabinet alleges that Johnson impermissibly utilized prospective royalty income that appellees would have received from the mining of coal they owned in reaching his fair market value calculations. Citing to *Gulf Interstate*, 303 S.W.2d 260 and *Gulf Interstate*, 368 S.W.2d 309, the Transportation Cabinet argues that the royalty income may not be utilized to determine the fair market value of condemned real property that contains valuable minerals. Instead, the Transportation Cabinet maintains that condemned real property containing valuable minerals must simply be valued by using a sales comparison approach, as performed by its expert.

The primary issue in this appeal looks to the court's evidentiary ruling in allowing the admission of Johnson's testimony. The proper standard of review of a trial court's evidentiary ruling is abuse of discretion. *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). The same standard applies under Kentucky Rules of Evidence 702 regarding the testimony of expert witnesses. *Id.* Our review proceeds accordingly.

When private property is taken by eminent domain, the state must pay the owner just compensation. Kentucky Constitution § 13 and § 242. To determine just compensation, we look to the fair market value of the real property immediately before the taking and the fair market value after the taking. KRS 416.660(1). Fair market value is defined as "the amount in cash that a willing buyer would pay to a willing seller[.]" *Paducah Independent School District v. Putnam & Sons, LLC*, 520 S.W.3d 367, 376 (Ky. 2017) (quoting *Baston v. County of Kenton*, 319 S.W.3d 401, 406 (Ky. 2010)). And, there are three generally accepted methods to determine the fair market value of real property in a condemnation proceeding - the sales comparison approach, the cost approach, and the income approach. *Commonwealth, Dept. of Highways v. R.J. Corman R.R. Co.*, 116 S.W.3d 488, 495 (Ky. 2003). Relevant to this appeal is the income approach. Under this approach, fair market value is appraised "by analyzing a property's capacity to produce income and converting this potential into an indication of fair market value." *R.J. Corman*, 116 S.W.3d at 495 (quoting 7 Nichols on *Eminent Domain* § 4.04[3] (3rd ed., 1999)). Most importantly, the income method can only be utilized where the income is "derived from the intrinsic nature of the real estate itself, as distinguished from the profits derived from a business operated on the land." *R.J. Corman*, 116 S.W.3d at 496 (quoting 27 Am. Jur. 2d, *Eminent Domain* § 431).

The income approach has been approved by the Kentucky Supreme Court for valuation of condemned real property containing coal reserves in *Big Rivers*, 147 S.W.3d 753. In *Big Rivers*, an expert opined that the highest and best use of the condemned real property was as a coal reserve and testified:

> [O]nce coal reached $25.00 a ton, surface mining would be feasible with a twenty cent royalty split evenly between the surface owner and the mineral owners. Using the "recoverable coal" estimates from the . . . (engineer/surveyor) report, times the royalty, and discounting the future income for the time waiting to mine, he estimated the present value would be less than ten cents on the dollar of future sales. [The expert] then concluded that the present value of the coal reserves before the taking was $742,000.00, and the value after the taking was $675,000.00, for a difference of $67,000.00.

*Id.* at 759 (footnotes omitted).

Similar to the expert testimony in *Big Rivers*, 147 S.W.3d at 758-59, Johnson testified that the highest and best use of the condemned real property was for coal mining.[4] Johnson also stated that the comparable sales approach was insufficient to arrive at a fair market value of the condemned real property due to the lack of comparable sales. So, Johnson concluded that the income approach would best determine the fair market value of the condemned real property. Under the income approach, Johnson stated that he used a mining plan prepared by

---

[4] The parties do not dispute on appeal that the highest and best use of the mineral interest subject to the condemnation is for coal mining.

Gary Ousley, a mining engineer hired by appellees. Ousley determined the tons of coal in place, mineable seams, and the method to extract the coal. Ousley estimated that the condemned real property contained 1,122,437 tons of coal and 609,643 tons of mineable coal. By utilizing Ousley's opinions and mining plan, Johnson conducted a marketability analysis to determine the sale price of the coal and then discounted the royalty income therefrom to present value. In the end, Johnson testified that the fair market value of the condemned real property before condemnation was $2,428,000 and after condemnation was zero.

Upon review of his testimony, Johnson clearly utilized the income approach to reach a fair market value of the condemned real property and did consider prospective royalty income among other factors. Johnson's approach was substantially similar to the expert valuation testimony approved in *Big Rivers*, 147 S.W.3d 753. Therein, the expert witness also utilized the income method and considered prospective royalty income. And, as in *Big Rivers*, 147 S.W.3d 753, the income considered herein was "derived from the intrinsic nature of the real estate" and not from a business located thereupon. *See R.J. Corman*, 116 S.W.3d at 496 (quoting 27 Am. Jur. 2d, *Eminent Domain* § 431).

Additionally, we do not interpret *Gulf Interstate*, 303 S.W.2d 260 or *Gulf Interstate*, 368 S.W.2d 309, so broadly as to exclude Johnson's testimony concerning fair market value. Both cases simply prohibit a valuation of fair market

value based solely upon the royalty income and number of acres.  Rather, in the case *sub judice* and in *Big Rivers*, 147 S.W.3d at 758-59, the income valuation analysis considered a variety of factors, including royalty income, minable coal, present value, and marketability.

Accordingly, we conclude that the circuit court did not abuse its discretion by admitting Johnson's testimony as to the fair market value of the condemned real property.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, the Trial Order and Judgment and Amended Judgment entered by the Floyd Circuit Court are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Stacy D. Conley
Pikeville, Kentucky

BRIEF FOR APPELLEES, LEAH ATKINSON AND SAS RESOURCES, LLC:

John M. Williams
Melanie J. Kilpatrick
Lexington, Kentucky